# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN PROPERTY COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br><br>MARTHA CASTILLO and ARMANDO HARO,<br><br>        Defendants. | CASE NO. 15cv711-MMA (KSC)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT;**<br><br>**DENYING AS MOOT DEFENDANTS' MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***<br><br>[Doc. No. 3] |

On April 1, 2015, Defendants Martha Castillo and Armando Hara filed a Notice of Removal from the State of California, Superior Court for the County of San Diego. The state court complaint alleges a claim against Defendants for unlawful detainer. Having reviewed Defendants' Notice of Removal, the Court finds it does not have subject matter jurisdiction over this action and that the removal is procedurally defective. The Court therefore *sua sponte* **REMANDS** this action to San Diego County Superior Court.

## DISCUSSION

The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by

the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Additionally, a federal court also has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Here, Defendants indicate in their removal papers that jurisdiction in this Court

1  is based on a federal question.  However, the state court complaint does not allege any
2  claim "arising under" federal law.  Instead, in the state court action, Plaintiff sets forth
3  a single cause of action for unlawful detainer – a claim that arises exclusively under
4  state law.  Defendants state that "[f]ederal question exists because Defendant's
5  Demurrer, a pleading depend [sic] on the determination of Defendant's rights and
6  Plaintiff's duties under federal law." *See Notice* ¶ 10.  However, any anticipated
7  defenses or counterclaims raised in Defendants' state court demurrer cannot establish
8  federal jurisdiction.  *See, e.g., Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822
9  (9th Cir. 1985) (holding that a defendant's counterclaim presenting a federal question
10 does not make a case removable).  Therefore, this Court does not have subject matter
11 jurisdiction on the basis of federal question.

12      This leaves diversity of citizenship as the only available basis of jurisdiction in
13 this Court.  As noted above, a federal court has jurisdiction over an action involving
14 citizens of different states when the amount in controversy exceeds $75,000.  28
15 U.S.C. § 1332.  The amount in controversy is determined at the time of removal and is
16 to be decided based on the allegations in the operative pleading.  *Lowdermilk*, 479
17 F.3d at 994.  In deciding the issue, the Court treats claims for statutory damages by
18 considering only those damages actually recoverable under the facts alleged.  *See*
19 *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404-05 (9th Cir. 1996).

20      Defendants do not state the citizenship of the parties, so it is unclear whether
21 the parties are citizens of different states.  Regardless, Plaintiff's complaint states that
22 the amount demanded does <u>not exceed $10,000</u>, which is clearly under the $75,000
23 amount in controversy requirement.  Therefore, as the issue is whether Plaintiff's
24 claim in the operative pleading (i.e., the complaint filed in state court) meets the
25 amount in controversy requirement, diversity jurisdiction cannot be established.
26 Defendants have not shown that the state court action could have originally been
27 brought in federal court; therefore, the Court must remand this action.
28 ////

# CONCLUSION

Having carefully reviewed the Notice of Removal and the accompanying documents, the Court finds and concludes that it does not have subject matter jurisdiction over this action and the removal is procedurally defective. Accordingly, the above captioned case is **REMANDED** to the Superior Court for the County of San Diego, case no. 37-2015-00002709-CL-UD-CTL. The Court **DENIES AS MOOT** Defendants' motion for leave to proceed *in forma pauperis*.

The Clerk of Court is instructed to return the case to state court forthwith and close this action.

**IT IS SO ORDERED**.

DATED: April 7, 2015

*/s/ Michael M. Anello*
Hon. Michael M. Anello
United States District Judge